

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Francine Yates,** | 1:11-cv-00550 |
| Plaintiff, | Judge Milton I. Shadur |
| | Magistrate Judge Sheila M. Finnegan |
| vs. | |
| **Robert Morris University,** | |
| Defendants. | |

## COMPLAINT

This case is about a young, single, African-American, woman who was intentionally defrauded of an adjunct faculty position because the defendant became blinded by a perpetual fear of other ethnic groups as well as racism. Somehow the defendant decided that it wasn't important for African-Americans to have a voice and be heard or thrive as a people in America. Perpetual racism and discrimination continually suppress and restrain like the vices that they are.

The plaintiff's first charge of discrimination alleges fraud and breach of contract. The plaintiff's second charge of discrimination alleges retaliation.

The plaintiff is seeking relief from the district court in the form of a summary judgment in her favor which includes the following remedies: injunctive relief, 100% compensatory and punitive damages all harassers to be disciplined, damages for: mental anguish/mental cruelty, psychological & emotional pain from suffering, shame, indignity, disgrace, embarrassment, humiliation, demoralization, anger, discomfort, inconvenience, delay, worry, distress, anxiety, stress, malice, oppression, conscious indifference, willful indifference, deep depression, feelings

of sorrow, torment, powerlessness and exclusion, future continued indefinite suffering, damages for a diminished quality of life, loss of opportunity potential, attorney fees, expert witness fees, pecuniary/non-pecuniary damages, reimbursement of all fees, fraud & conspiracy to commit fraud, all other actions enabling the plaintiff to be made whole.

## JURISDICTION AND VENUE

1. This action arises under the Federal laws of the United States, particularly 42 USC Sections 1981, 983 and 1985.

2. The Jurisdiction of this court is invoked under provisions of 28 USC Sections 1331 and 1343.

3. Venue is placed in this district because this district is where the related events listed below occurred and it is where the defendants reside.

## PARTIES

4. The Defendant; Robert Morris University, offers career-focused associate, bachelor's and master's degree programs for students looking for an affordable and rewarding education in Illinois, with a location at 401 S. State Street, Chicago, IL 60605.

5. The Plaintiff; Francine Yates, is a natural person, a citizen of the United States, which currently resides at P.O. Box A3286, Chicago, IL 60690.

## GENERAL ALLEGATIONS

6. On or around March or April 2001, the plaintiff received an invitation from Robert Morris University (formerly Robert Morris College) to interview for an adjunct faculty position.

7. Prior to the interview, the plaintiff experienced the loss of three family members through natural death over a ten day period which began on February 13, 2001.

8. The plaintiff was also unemployed at the time she received an invitation to interview with Robert Morris University.

## COUNT 1
## FRAUD & BREACH OF CONTRACT

9. Paragraphs 1-8 listed above are repeated as if at length.

10. The statue of limitations for fraud in Illinois is five years from the time of discovery. The plaintiff made the discovery in the FALL of 2007 that she became a victim of fraud at the hands of Robert Morris University when she interviewed for an adjunct part-time faculty position with Chad Muthray; Dean of Robert Morris University, and a white, female faculty member in the early Spring of 2001.

11. The plaintiff met with Chad Muthray; Dean of Robert Morris University along with another white, female, faculty member. Apparently, Dean Chad Muthray was impressed with the plaintiff because he contracted with her verbally by offering her a part-time adjunct faculty position

3

during the interview and told her that the salary would be $1500 per class over the duration of the entire school quarter.

12. The white, female faculty member stated to the plaintiff that she would be a good fit to teach an operations management class. The plaintiff accepted the offer to become a part of Robert Morris University's adjunct faculty at the rate of $1500 per class over the duration of a ten week period. She set up a time to perform a guest lecture for an operations management class as part of the school's prerequisite for employment.

13. However, during the plaintiff's guest lecture in 2001, the plaintiff mentioned that she was a Christian because it was a trying time for her since her mother had recently died. The plaintiff mentioned her religion through the use of using a poem as a tool of instruction to illustrate a point to the class.

14. The white, female faculty member which sat through the guest lecture stated to the plaintiff that she needed to be careful when making references about Christianity or things pertaining to Christianity because Robert Morris University had a lot of Muslim students.

15. The white, female faculty member which interviewed the plaintiff scheduled her to teach two operations management classes in the Spring of 2001. The plaintiff stated that she wanted to come on board in the Fall of 2001 because she had experienced three deaths within her family over a ten day period.

16. Somehow, Robert Morris University fraudulently used the plaintiff's request for a later start date as a reason to rescind and breach their verbal contract with her. This was an act of fraud because there was an offer, acceptance and sufficient consideration. The plaintiff made several attempts to contact the college, but they would not respond to any of her telephone messages or emails when she tried to reach them after the interview and guest lecture.

## RELIEF FOR COUNT I

The plaintiff is seeking a quick judgment against the defendants for 100% appropriate compensatory and punitive damages for fraud and breach of contract. The plaintiff also requests that Robert Morris University pay her the salary associated with the two operations management classes related to the adjunct positions that she was defrauded of from the Spring of 2001 until the settling of this case. The plaintiff also seeks tenure to be granted as a result of the fraudulent acts inflicted upon her by Robert Morris University. The plaintiff is asking that injunctive relief be granted to bring closure to this case.

## COUNT II
## RETALIATION

17. Paragraphs 1-16 listed above are repeated as if at length.

18. The plaintiff was retaliated against by Robert Morris University because she is a black, African-American, Christian woman. It is an uncontested fact that the plaintiff is a black, African-American female and she disclosed the fact that she was a Christian when she presented a guest lecture to the operations management class.

19. The plaintiff was retaliated against by Robert Morris University by the rescinding and breaching of their verbal contract with her when she requested a later start date for employment with the college as an adjunct instructor. The plaintiff requested a later start date because she had experienced three deaths in her family within a ten day period.

20. Also, the plaintiff started experiencing a great deal of retaliation from many of Robert Morris University students which started at the beginning of October 2010 and has continued through the filing of this Complaint.

21. The retaliation has consisted of Ronald Huberman; a Chicago Public Schools employee, having students watch the plaintiff while she uses the college's computers, follow the plaintiff when she leaves the building and report on the plaintiff through the use of cellular telephones. The reason for the retaliation is because the plaintiff opposed unlawful discrimination.

## RELIEF FOR COUNT II

The plaintiff is seeking a quick judgment against the defendants for 100% appropriate compensatory and punitive damages for retaliation. The plaintiff is asking that injunctive relief be granted to bring closure to this case.

## CONCLUSION

The plaintiff was intentionally defrauded and retaliated against by Robert Morris University because of a perpetual fear of other ethnic groups and racism. This case should be an embarrassment, a shame and a disgrace to Robert Morris University. The plaintiff also

respectfully requests the reliefs cited in Counts I through II above for the causes given. This brief is respectfully signed and submitted on this 25th day of January 2011.

By,

*[signature: Francine Yates]*

Francine Yates, Pro Se
P. O. Box A3286
Chicago, IL 60690