```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION
```

FRANCINE YATES,                )
                               )
          Plaintiff,           )
                               )
     v.                        )    No.  11 C 550
                               )
ROBERT MORRIS UNIVERSITY,      )
                               )
          Defendant.           )

                    MEMORANDUM OPINION AND ORDER

Francine Yates ("Yates") has submitted a self-prepared Complaint against Robert Morris University ("University"), accompanying that submission with a filled-out In Forma Pauperis Application ("Application") on the form provided by the Clerk's Office.  Although Yates would otherwise qualify for in forma pauperis treatment in purely financial terms, any litigant who seeks that status in this District Court must also present an arguably viable claim within the scope of federal subject matter jurisdiction--and as explained in this memorandum opinion and order, Yates has failed to do so.

Yates begins her Complaint with this paragraph:

> This case is about a young, single, African-American, woman who was intentionally defrauded of an adjunct faculty position because the defendant became blinded by a perpetual fear of other ethnic groups as well as racism.  Somehow the defendant decided that it wasn't important for African-Americans to have a voice and be heard or thrive as a people in America.  Perpetual racism and discrimination continually suppress and restrain like the vices that they are.

Yates then explains that her "first charge of discrimination

alleges fraud and breach of contract," while the next charge "alleges retaliation." But the problem with Yates' effort to advance those claims in federal court is that she has ignored the principle that federal jurisdiction is limited by the boundaries set by Congress--we federal judges are not vested with the power to deal with claimed injustice in whatever form it may appear.

Thus any claims advanced under state law, such as fraud and breach of contract, may be entertained in this District Court only under its diversity-of-citizenship rubric, and that situation is not present here (there is no suggestion that Yates and University are citizens of different states). And as for Yates' attempted invocation of 42 U.S.C. §§1981, 1983 and 1985 (Complaint ¶1), claims under those statutes are subject to a two-year statute of limitations--and Yates' Complaint points only to conduct back in 2001 (nearly 10 years ago!). Even if Yates were to be given the benefit of an asserted 2007 date of discovery (Complaint ¶10), any such federal-question claim would still be outlawed by limitations.

Finally, Yates' quite amorphous claim of retaliation (Complaint ¶¶20 and 21) is simply nonactionable for more than one reason. There she claims that various University students have watched her and reported on her activities via cell phone, things that do not fit the mold of actual adverse treatment required to establish a claim of unlawful retaliation.

2

In summary, both the Complaint and this action are dismissed. That of course moots the Application, and it is denied on that ground.

_____
Milton I. Shadur
Senior United States District Judge

Date: January 27, 2011